UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK GREAVES,<br><br>    Plaintiff,<br><br>v.<br><br>U.S.A. CRICKET, et al.,<br><br>    Defendants. | Case No. 4:22-cv-02601-KAW<br><br>**ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF TEXAS**<br><br>Re: Dkt. No. 23 |

On October 24, 2022, Defendants U.S.A. Cricket and Richard Done filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2),(3),(5), and (6). In so moving, Defendants contend that venue is not proper in the U.S. District Court for the Northern District of California. The undersigned agrees.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, in lieu of resolving the motion to dismiss, TRANSFERS this case to the U.S. District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).

## I.  BACKGROUND

Plaintiff Kirk Greaves is of African descent, and resides in Houston, Texas. (Compl., Dkt. No. 1 ¶ 1.) Defendant U.S.A. Cricket ("USAC") is a non-profit organization formed in 2017 and incorporated in Colorado. (Am. Decl. of Richard Done, "Done Decl.," Dkt. No. 25 ¶¶ 3-4.) USAC has four employees, none of whom reside in California. (Done Decl. ¶ 5.) Defendant Richard Done, the Cricket Operations Director, is one such employee, and he has resided in Texas at all relevant times. (Done Decl. ¶¶ 2, 5.)

In February 2021, USAC contracted with Plaintiff to plan and deliver four national cricket

events during a four-month period. (Compl. ¶¶ 5, 7.)  After accepting the offer, Plaintiff was relocated to Houston, Texas on March 1, 2021. (Compl. ¶ 6.)  During the period of engagement, Plaintiff traveled to a staff retreat in Milpitas, California, but no other events are alleged to have occurred in the Northern District of California. (Compl. ¶ 10.)  On March 28, 2022, USAC sent Plaintiff a letter terminating his contract as of April 8, 2022. (Compl. ¶ 12, Ex. B.)

On April 28, 2022, Plaintiff filed this lawsuit alleging claims for breach of contract, and that Defendants terminated the contract for both discriminatory and retaliatory reasons, and that they conspired to commit fraud against him. (Compl. ¶¶ 13-40.)

On October 24, 2022, Defendants filed a motion to dismiss. (Defs.' Mot., Dkt. No. 23.) On October 28, 2022, Plaintiff filed an opposition to the motion to dismiss or, in the alternative, an administrative motion to enlarge time to respond to the motion to dismiss. (Pl.'s Opp'n, Dkt. No. 28.)  The Court granted Plaintiff's request for an extension to file an amended opposition, and gave Plaintiff until November 28, 2022 to do so. (Dkt. No. 34.)  Plaintiff, however, did not file a subsequent opposition.  On December 6, 2022, Defendants filed a reply. (Defs.' Reply, Dkt. No. 40.)

## II.  LEGAL STANDARD

A district court must dismiss or transfer a case if venue is improper. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).  If the venue's propriety is challenged under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Venue is only proper in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

2

### III. DISCUSSION

Defendants argue that venue is improper, which warrants dismissal under Rule 12(b)(3). (Defs.' Mot. at 11.) Plaintiff's opposition did not address whether venue was proper, so any arguments he may have regarding the appropriateness of his chosen venue are deemed waived. (*See* Pl.'s Opp'n at 1-2.) The Court notes that Plaintiff's address of record is in Houston, Texas, which is located in the Southern District of Texas.

Based on the allegations in the complaint, the Court finds that venue is improper. Indeed, none of the defendants reside here,[1] no substantial part of the events or omissions giving rise to the claim occurred here, and Plaintiff does not allege that there is no district in which this action may have otherwise been brought. *See* 28 U.S.C. § 1391(b). As to the third option, as Defendants argue, this case "could have been brought in Colorado, where Defendant is incorporated, or the Northern or Southern District of Texas, where Plaintiff and Done resided during the relevant period (and currently), and where nearly all of the alleged injuries occurred." (Defs.' Mot. at 11.)

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), the Court declines to dismiss the case based on improper venue, and orders the case TRANSFERRED to the U.S. District Court for the Southern District of Texas. Upon transfer, the district court may resolve the pending motion to dismiss or order further briefing if deemed appropriate.

### IV. CONCLUSION

For the reasons set forth above, the undersigned finds that venue is improper, and, instead, TRANSFERS the case to the U.S. District Court for the Southern District of Texas.

IT IS SO ORDERED.

Dated: January 18, 2023

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Even if USAC was found to reside in this district, Defendant Done does not reside in California, which renders venue in the Northern District of California improper. (*See* Done Decl. ¶ 5.)